**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 0:19-cv-60740-KMW-Williams**

JOHN DUHE, individually and on behalf of others similarly situated **CLASS ACTION**

Plaintiff,

v.

USHEALTH ADVISORS, LLC,

Defendant.
_____________________________________/

**USHEALTH ADVISORS, LLC ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant, USHealth Advisors, LLC ("USHA"), a Texas limited liability company, files its Answer and Affirmative Defenses in response to the Class Action Complaint ("Complaint") of Plaintiff John Duhe, individually and on behalf of others similarly situated.

## ANSWER

## PRELIMINARY STATEMENT

1. USHA admits that Plaintiff brings this action for damages, injunctive relief, and any other legal or equitable remedies, resulting from alleged violations of the Telephone Consumer Protection Act ("TCPA"), and denies that Plaintiff is entitled to any such relief.

2. Paragraph 2 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in

Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. USHA admits the truth of the allegations contained in Paragraph 7 of the Complaint.

8. USHA denies the truth of the allegations contained in Paragraph 8 of the Complaint.

9. USHA denies the truth of the allegations contained in Paragraph 9 of the Complaint. USHA further denies that this Court has personal jurisdiction over USHA to maintain a nationwide class action that includes non-resident class members.

## PARTIES

10. USHA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. USHA admits the truth of the allegations contained in Paragraph 11 of the Complaint.

12. USHA admits the truth of the allegations contained in Paragraph 12 of the Complaint.

13. USHA denies the truth of the allegations contained in Paragraph 13 of the Complaint.

14. USHA denies the truth of the allegations contained in Paragraph 14 of the Complaint.

## FACTUAL ALLEGATIONS

15. Paragraph 15 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 16 of the Complaint.

17. USHA denies the truth of the allegations contained in Paragraph 17 of the Complaint.

18. USHA denies the truth of the allegations contained in Paragraph 18 of the Complaint.

19. USHA denies the truth of the allegations contained in Paragraph 19 of the Complaint.

20. USHA denies the truth of the allegations contained in Paragraph 20 of the Complaint.

21. USHA denies the truth of the allegations contained in Paragraph 21 of the Complaint.

22. USHA denies the truth of the allegations contained in Paragraph 22 of the Complaint.

23. USHA denies the truth of the allegations contained in Paragraph 23 of the Complaint.

24. USHA denies the truth of the allegations contained in Paragraph 24 of the Complaint.

25. USHA denies the truth of the allegations contained in Paragraph 25 of the Complaint.

26. USHA denies the truth of the allegations contained in Paragraph 26 of the Complaint.

27. USHA denies the truth of the allegations contained in Paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 28 of the Complaint.

29. USHA denies the truth of the allegations contained in Paragraph 29 of the Complaint.

30. USHA denies the truth of the allegations contained in Paragraph 30 of the Complaint.

31. USHA denies the truth of the allegations contained in Paragraph 31 of the Complaint.

32. USHA denies the truth of the allegations contained in Paragraph 32 of the Complaint.

## CLASS ACTION ALLEGATIONS

33. USHA admits that Plaintiff purports to bring this case as a class action but denies that any class can or should be certified and denies that Plaintiff or any class members are entitled to such relief. USHA further denies that the proposed class definition provided in Paragraph 33 of the Complaint can be certified because this Court lacks personal jurisdiction over USHA to maintain a nationwide class action that includes non-resident class members, or subject matter jurisdiction with regard to putative class members who are not residents of the State of Florida; because the proposed definition creates a fail-safe class; and because Plaintiff cannot satisfy any of the requirements under Federal Rule of Civil Procedure 23(a), (b)(2), or (b)(3).

34. USHA denies the truth of the allegations contained in Paragraph 34 of the Complaint.

35. USHA denies the truth of the allegations contained in Paragraph 35 of the Complaint.

36. USHA denies the truth of the allegations contained in Paragraph 36 of the Complaint.

37. USHA denies the truth of the allegations contained in Paragraph 37 of the Complaint.

38. USHA denies the truth of the allegations contained in Paragraph 38 of the

Complaint.

39. Paragraph 39 of the Complaint, and the subparts therein, states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 39 of the Complaint, and all of its subparts.

40. Paragraph 40 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 41 of the Complaint.

42. USHA denies the truth of the allegations contained in Paragraph 42 of the Complaint.

43. Paragraph 43 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 44 of the Complaint.

45. Paragraph 45 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 45 of the Complaint.

**COUNT I**

46. USHA re-alleges and incorporates the foregoing paragraphs as if fully set forth

herein.

47. Paragraph 47 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 48 of the Complaint.

48. Paragraph 48 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 48 of the Complaint.

49. USHA denies the truth of the allegations contained in Paragraph 49 of the Complaint.

50. USHA denies the truth of the allegations contained in Paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 51 of the Complaint.

52. Paragraph 52 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 52 of the Complaint.

53. USHA denies the allegations contained in Paragraph 53 of the Complaint, and denies that Plaintiff is entitled to the relief sought therein.

54. USHA denies that Plaintiff is entitled to the relief sought in Paragraph 54 of the Complaint and the "WHEREFORE" clause immediately preceding Paragraph 54 of the Complaint.

**COUNT II**

55. USHA re-alleges and incorporates paragraphs 1-42 and 44-46 as if fully set forth herein.

56. USHA denies the truth of the allegations contained in Paragraph 56 of the Complaint.

57. USHA denies the truth of the allegations contained in Paragraph 57 of the Complaint.

58. USHA denies the truth of the allegations contained in Paragraph 58 of the Complaint.

59. USHA denies the allegations contained in Paragraph 59 of the Complaint, and denies that Plaintiff is entitled to the relief sought therein.

60. USHA denies that Plaintiff is entitled to the relief sought in Paragraph 60 of the Complaint and the "WHEREFORE" clause immediately preceding Paragraph 60 of the Complaint.

61. Answering the unnumbered paragraphs including Plaintiff's prayer for relief and its paragraphs "a." through "g.", USHA denies that Plaintiff is entitled to the relief sought.

62. USHA denies each and every allegation in the Complaint not specifically admitted herein and denies that Plaintiff is entitled to the relief requested in the Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a plausible claim upon which relief can be granted under any theory of action.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a plausible basis for class relief pursuant to Federal Rule of Civil

Procedure 23, in that, *inter alia*, Plaintiff cannot identify an ascertainable class and, even if it could, the claims Plaintiff asserts cannot be common or typical of the claims of the putative class; nor is class relief superior to other available methods for fairly and efficiently adjudicating the claims Plaintiff assert warrant class treatment. The elements of Rule 23(a) and (b) cannot be met.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by his and class members' express written consent to receive solicitations on their cellular and/or telephone numbers.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and claims of putative class members are barred by the doctrine of estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's and putative class members' damages, if any, and none being admitted, were not caused by USHA, but by another person or entity, including Plaintiff and putative class members, for whom USHA is not responsible and over whose activities USHA exercises no control and/or has no right to control.

**SIXTH AFFIRMATIVE DEFENSE**

USHA, as a Texas limited liability company with its principal place of business in Texas, is not subject to personal jurisdiction in this Court.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's class claims are barred because this court lacks personal jurisdiction over USHA to maintain a nationwide class action that includes non-resident class members. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017).

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Plaintiff did not suffer any concrete harm or actual injury.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Plaintiff and putative class members did not suffer any concrete harm separate and apart from a violation of the TCPA, and Plaintiff and putative class members therefore lack standing.

**TENTH AFFIRMATIVE DEFENSE**

USHA complied with all applicable statutory, regulatory, and common law requirements and accordingly, Plaintiff's claims are barred by USHA compliance with all applicable State, Federal, and local laws and regulations.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the TCPA violates USHA's First Amendment right to free speech. Specifically, the TCPA improperly inhibits the exercise of constitutionally protected speech.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the imposition on USHA of statutory damages and/or exemplary/punitive damages under the TCPA, within the context of a class action, is violative of USHA's constitutional rights under the Due Process provisions of the United Statutes Constitution and the Eighth Amendment prohibition against excessive fines and cruel and unusual punishment.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Maintenance of this action as a class action is inconsistent with the legislative intent of

the TCPA in that the United States Congress intended that claims under the TCPA proceed as individual actions. The TCPA's legislative history supports a conclusion that class actions were not intended, but rather that Congress envisioned the statute as providing a private right of action to consumers receiving the specifically prohibited communications, allowing them to pursue the statutory damages of $500 in small claims court without an attorney. In holding that a class action could not proceed under the TCPA, one federal district court determined that the statutory remedy is designed to provide adequate incentive for an individual plaintiff to bring suit on his own behalf. A class action would be inconsistent with the specific and personal remedy provided by Congress to address the minor nuisance of unsolicited facsimile advertisements. *See Forman v. Data Transfer, Inc.*, 164 F.R.D. 400, 404-05 (E.D. Pa. 1995).

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the Doctrine of Unclean Hands.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and claims of putative class members are barred by the doctrine of ratification.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the Doctrine of *In Pari Delicto*.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and claims of putative class members are barred because they held their cellular telephone numbers out to the public as business telephone lines.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and claims of putative class members are barred because no automatic telephone dialing system, as defined under the TCPA, was used to send the alleged text

message(s). Upon information and belief, the alleged text message(s) was sent by a third party as a result of human intervention.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and claims of putative class members are barred because the alleged text message(s) does not constitute marketing or advertising, and is not an "advertisement" as defined by the TCPA.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims and claims of putative class members are barred because the alleged text message(s) was not sent to consumers and is not the type of communication barred by the TCPA.

WHEREFORE, USHealth Advisors, LLC requests that this Court enter judgment against Plaintiff and in favor of USHA, dismiss this action with prejudice, deny Plaintiff's request for class certification, award USHA its reasonable attorneys' fees and costs incurred in defending this action, and for such other relief this Court deems just and proper.

DATED: April 26, 2019

Respectfully submitted,

By: */s/ Jeffrey A. Backman*

JEFFREY A. BACKMAN
Florida Bar No. 662501
Gregg I. Strock
Florida Bar No. 1010140
GREENSPOON MARDER LLP
200 E. Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301
(954) 491-1120
jeffrey.backman@gmlaw.com
khia.joseph@gmlaw.com
gregg.strock@gmlaw.com
cheryl.cochran@gmlaw.com

*Attorney for Defendant.*