**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-60740-CIV-ALTMAN/Hunt**

JOHN DUHE, individually
and on behalf of all others similarly situated, **CLASS ACTION**

*Plaintiff*,

vs.

USHEALTH ADVISORS, LLC, **JURY TRIAL DEMANDED**

*Defendant.*
_______________________________________/

# JOINT SCHEDULING REPORT

The Parties, by and through their undersigned attorneys, pursuant to Rule 26(f) and Rule 16(b) of the Federal Rules of Civil Procedure, Rule 16.1B of the Local Rules for the Southern District of Florida, and this Court's Order dated April 29, 2019 [DE 10], file their Joint Scheduling Report addressing discovery and other pretrial issues.

## I. PROPOSED DISCOVERY PLAN UNDER RULE 26(F), FED. R. CIV. P.

### A. Changes in Timing, Form, or Requirements under Rule 26(a), Fed. R. Civ. P.

The parties shall make the initial disclosures set forth in Fed. R. Civ. P. 26(a)(1) by **May 27, 2019**.

### B. Subjects on which Discovery may be Needed, When Discovery should be Completed, and How Discovery should be Conducted:

#### (i) Proposed Discovery Plan

The parties propose that the Court permit both parties to pursue full discovery within the scope of Rule 26(b)(1), "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case". The issues in the case include but may not be limited to: whether Plaintiff provided consent to receive the subject text messages, whether the texting campaign constitutes "telemarketing", whether the dialing system used to send the

subject text message constitutes an Automatic Telephone Dialing System, whether the sender of the subject text message knowingly or willfully violated the TCPA, and the text message at issue constitutes "telemarketing" under the Telephone Consumer Protection Act 47 U.S.C. § 227 *et seq.* ("TCPA") . It will be most efficient for the parties to engage in one round of discovery relevant to all claims and defenses, subject to the limits on discovery imposed by the rules.

Discovery in this lawsuit may include a class list, meaning a list of all text messages that were sent during the relevant time period to Plaintiff and members of the proposed class by or on behalf of Defendant. Plaintiff seeks discovery of this class list in native, CSV or similar format. Defendant does not have such a list, but proposed that if a third party has such a list that a class list is not necessary for Plaintiff to move for class certification, and that a general description of the data points that would comprise a class list, and acknowledgement of the existence of a class list, is sufficient.

Discovery will include documents which bear on any defenses raised by Defendant, such as prior express consent or prior express written consent. Accordingly, any documents which reflect the manner in Plaintiff or class members provided consent to receive the subject text messages will be sought.

Discovery will include documents relevant to whether or not the dialing system is an Automatic Telephone Dialing System ("ATDS").

Defendant contends that another person or entity sent the text messages that are the subject of this lawsuit, and that the sender is not an agent of Defendant. Discovery will include facts relevant to third party liability/vicarious liability.

Discovery will include inquiry into Plaintiff's consent to receive the subject text message and claimed injuries and damages. Such facts will be sought through all available means, including through discovery of Plaintiff's electronic devices, including but not limited to his cellular telephone, email accounts, and laptop and/or desktop computer, to be reasonably limited by the parties' ESI agreement, discussed further below.

**(ii) Joint Proposed Discovery Deadlines**

The parties agree that all discovery shall be completed on or before **May 30, 2020**. The parties further agreed that in order to comply with the discovery cut-off, written discovery must be served no later than 30 days before the discovery cut-off. Experts shall be identified and written reports provided by **March 13, 2020**, with any rebuttal experts and reports provided within thirty days thereafter in accordance with Fed. R. Civ. P. 26(a)(2)(D)(ii).

**C. Issues Relating to Disclosure or Discovery of Electronically Stored Information, Including the Form or Forms in which it should be Produced:**

The parties have agreed to an ongoing meet and confer with the objective of coming to terms regarding all of the pertinent topics (depending on the nature and complexity of the matter) set forth in the Checklist for Rule 26(f) Conference Regarding Electronically Stored Information (ESI), as promulgated by the Southern District of Florida (see: http://www.flsd.uscourts.gov/sites/flsd/files/forms/ESI-Checklist.Rule-16.1..pdf), and have agreed to negotiate in good faith to prepare a mutually acceptable ESI Agreement to be filed with the Court. If the parties cannot reach agreement, they agree to file a proposed ESI Agreement containing Plaintiff's and Defendants' proposals for each topic upon which they do not agree, accompanied with a Joint Motion for the Court to enter an ESI Agreement, pursuant to Local Rule 26(f)(4).

**D. Issues Relating to Claims of Privilege or of Protection as Trial Preparation Material:**

The parties expressly acknowledge and agree that inadvertently produced privileged or work product materials shall be returned, sequestered, or destroyed pursuant to Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure. Defendant will propose a Stipulated Protective Order, for Plaintiff to review, to preserve confidential information.

**E. Whether Changes should be Made in Limitations on Discovery under the Federal and Local Rules:**

The parties do not anticipate any changes to the rules on discovery limitations and adopt the default limitations on discovery imposed by the Federal Rules of Civil Procedure, local rules, and applicable case law. The parties do, however, reserve the right to seek leave of Court to exceed these discovery limitations, if necessary.

**F. Other Orders that should be Entered by the Court under Fed.R.Civ.P.26(c) or 16(b) and (c):**

In accordance with Federal Rule 26(f)(3)(F), the parties have discussed the need for other discovery or scheduling orders under Rule 26(c), 16(b), and 16(c). The parties do not currently request any other orders, though they may seek additional orders as discovery proceeds and if the need arises.

## II. REPORT OF THE PARTIES CONFERENCE PURSUANT TO RULE 16.1(B)(2) S.D.FLA. L.R.

**A. Likelihood of Settlement:**

The parties agree to continue to explore the possibility of settlement.

**B. Likelihood of Appearance of Additional Parties:**

Subject to the deadline to join parties and amend pleadings as set forth below or as ordered by the court, Plaintiff may join the individuals and/or entities who sent the text messages that are the subject of this litigation. The identity of these individuals and/or entities is presently unknown to Plaintiff. Plaintiff anticipates adding additional Plaintiffs through class certification or as necessary to pursue class certification.

**C. Proposed Time Limits to:**

**(i) Joining Parties and Amend Pleadings:**

The parties agree that amendment of pleadings, including the joinder of additional parties, to the extent they are permitted, should occur on or before **October 17, 2019**.

**(ii) To File and Hear Motions:**

The parties agree that Plaintiff's motion for class certification should be filed on or before **April 30, 2020**.

At this time, Plaintiff anticipates using an expert to support class certification and the merits of his claim. Plaintiff's report, and any expert report used by Defendant, shall be disclosed by **February 17, 2020**, any rebuttal reports shall be disclosed by **March 17, 2020**.

The parties agree that all pre-trial motions, including *Daubert* motions should be filed on or before **May 20, 2020.** Motions *in Limine* shall be filed by **July 6, 2020**.

**(iii) To Complete Discovery:**

See Section I.B. *supra.*

**D. Proposals for the Formulation and Simplification of the Issues:**

The parties agree that their respective counsel shall meet before the pretrial conference or calendar call to discuss any proposals for the formulation and simplification of the issues. Otherwise, none at this time.

**E. Necessity of Amendments to the Pleadings:**

There are none anticipated at this time.

**F. Possibility of Obtaining Admissions of Facts and of Documents:**

The parties agree to work toward obtaining admissions of fact and of documents through stipulation and have discussed a stipulation regarding authenticity of documents. The parties agree to confer further regarding admissions of fact and documents after the completion of discovery and prior to trial or other evidentiary proceedings.

**G. Suggestions for the Avoidance of Unnecessary Proof and Cumulative Evidence:**

None at this time.

**H. Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master:**

The parties have no objection to referring all discovery motions to the magistrate judge assigned to this case.

**I. Preliminary Estimate of Time for Trial:**

At this time, the parties anticipate that three (3) to five (5) days are required to try this matter. Plaintiff requests a trial by jury.

**J. Requested Date(s) for Conference Before Trial, a Final Pretrial Conference and Trial:**

The parties request that the trial be for the first trial term on or after **September 14, 2020**. The parties further request a final pretrial conference to be set no later than **August 24, 2020** to allow adequate time for the disposition of any summary judgment motions and for mediation following the close of discovery.

**K. Any issues about: (i) disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced; (ii) claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert those claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502; and (iii) when the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist:**

See Section I.C-E *supra.*

**L. Other Information that Might be Helpful to the Court in Setting the Case for Status or Pretrial Conference**

None at this time.

Respectfully submitted this **13th** day of May, 2019.

*/s/ Seth M. Lehrman*
Seth Lehrman (FBN 132896)
E-mail: seth@epllc.com
EDWARDS POTTINGER LLC
425 N. Andrews Ave., Suite 2
Fort Lauderdale, Florida 33301
Telephone: 954-524-2820
Facsimile: 954-524-2822

Scott D. Owens, Esq. (FBN 597651)
Email: scott@scottdowens.com
SCOTT D. OWENS, P.A.
3800 S. Ocean Dr., Suite 235
Hollywood, FL 33019
Telephone: 954-589-0588
Facsimile: 954-337-0666

Justin H. Jaffe (FBN 103328)
lowercase, pllc
E-mail: justin@lowercaselaw.com
3250 NE 1st Ave., Suite 305
Miami, FL 33137
Telephone: 833-569-3335

*Attorneys for Plaintiff*

*/s/ Jeffrey A. Backman*
Jeffrey A. Backman (FBN 662501)
E-mail: jeffrey.backman@gmlaw.com;
khia.joseph@gmlaw.com
Gregg I. Strock (FBN 1010140)
E-mail: gregg.strock@gmlaw.com;
cheryl.cochran@gmlaw.com
GREENSPOON MARDER LLP
200 E. Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Telephone: 954-491-1120

*Attorneys for Defendant*

# APPENDIX I
# JOINT CONFERENCE REPORT

Pursuant to the Court's Order Requiring Compliance with Local Rule 16.1, the parties have agreed to the following deadlines.

| ACTION | DATE |
|---|---|
| Exchange Initial Disclosures | 5/27/2019 |
| Last Day to File a Motion to Add Parties and Amend Pleadings | 10/17/2019 |
| Parties exchange expert witness summaries or reports on issues of Class Certification | 2/17//2020 |
| Parties exchange expert summaries or reports | 3/13/2020 |
| Parties exchange expert rebuttal, expert witness summaries, or reports on issues of Class Certification | 3/17/2020 |
| Plaintiff files Motion for Class Certification | 4/30/2020 |
| Deadline to file all pre-trial motions and *Daubert* motions | 5/20/2020 |
| All discovery, including expert discovery, Cut-Off | 5/30/2020 |
| Joint Pre-Trial Stipulation, Proposed Jury Instructions and Verdict Forms, Motions *in Limine*) | 7/6/2020 |
| Mediation Cut-Off | 7/14/2020 |
| Final Pretrial Conference | 8/24/2020 |
| Calendar Call (Tuesday) | 9/8/2020 |
| Trial (Monday) | 9/14/2020 |